**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| DANCO, LLC and<br>EDWARD LENART<br><br>　　Plaintiffs,<br><br>v.<br><br>HANGZHOU GREAT STAR<br>INDUSTRIAL CO., LTD.<br><br>　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>Civil Action No. _____<br><br><br>Jury Trial Demanded |

## ORIGINAL COMPLAINT

Plaintiffs Danco, LLC ("Danco") and Edward Lenart ("Lenart," and collectively with Danco, "Plaintiffs") file this Original Complaint against Defendant Hangzhou Great Star Industrial Co., Ltd. ("Defendant" or "Hangzhou Great Star"), in support of which Plaintiffs allege as follows:

### I.　NATURE OF THE ACTION

1.　This is an action for patent infringement under 35 U.S.C. § 271 et seq. in which Plaintiff Danco seeks damages and other relief, including an injunction prohibiting Defendant Hangzhou Great Star from importing, selling, and offering to sell the Kobalt Pry Bar Model No. 66744 (Lowe's sku 5144457, "Kobalt Pry Bar") and any other branded pry bars that incorporate the same or substantially similar structural features (collectively "HGS Pry Bars") so as to infringe one or more claims of U.S. Patent Nos. 11,981,552 and 12,371,310.

### II.　THE PARTIES

2.　Danco is a Delaware limited liability company having its principal place of business at 2727 Chemsearch Blvd., Irving, Texas 75015.

ORIGINAL COMPLAINT--PAGE 1

3. Lenart is an individual residing at 33871 Harlan Drive, Farmington Hills, Michigan 48331.

4. On information and belief, Defendant Hangzhou Great Star is company organized and existing under the laws of China and maintains an established place of business are No. 35 Jiuhuan Road, Jiubao Town, Shangcheng District, Hanzhou, Zheijiang Province 310 019, China.

### III.    JURISDICTION AND VENUE

5. Upon information and belief, Hangzhou Great Star has directly or indirectly committed and continues to commit acts of infringement by importing, selling, offering to sell HGS Pry Bars that infringe one or more claims of the Danco Patents as further described below. On information and belief, Hangzhou Great Star causes the HGS Pry Bars to be imported into the U.S. and sold at Lowe's Stores throughout the U.S., including in the State of Texas, and within this judicial district, in violation of Plaintiffs' patent rights. On information and belief, the Court has specific personal jurisdiction over Defendant Hangzhou Great Star based on Hangzhou Great Star's actions with respect to the HGS Pry Bars in the State of Texas, and Plaintiffs' causes of action for infringement arise from Hangzhou Great Star's actions and contacts with the State of Texas.

6. In addition, or in the alternative, this Court has personal jurisdiction over Defendant Hangzhou Great Star under Federal Rule of Civil Procedure 4(k)(2).

7. Upon information and belief, Defendant Hangzhou Great Star is a foreign corporation not resident in the U.S., making venue proper in any judicial district, including this district, under 28 U.S.C. § 1391(c)(3).

8. The Court has subject matter jurisdiction under at least 28 U.S.C. § 1338.

## IV.    FACTUAL BACKGROUND

9.    Danco sells a variety of hand tools and plumbing products designed for DIY home repairs and improvements.  Danco frequently acquires new ideas for tools and plumbing products from independent inventors, such as Lenart.

10.    In or around 2010, Lenart invented an improve Trim Puller for easier removal of moldings, such a baseboards.  Lenart obtained U.S. Patent No. 8,365,378 (the "'378 Patent) to cover his Trim Puller invention.  Danco, through its previous parent company NCH Corporation, entered into License Agreement to obtain exclusive rights to make, have made, and sell products covered under the '378 Patent. Based on Danco's success with these products, Danco, again through NCH Corporation, entered into a Joint Development Agreement ("JDA") with Lenart in 2018 for the development and marketing of other hand tools.

11.    As a result of this agreement, Lenart invented a new Pry Bar Assembly that is disclosed and claimed in U.S. Patent Nos. 11,981,552 (the "'552 Patent) and 12,371,310 (the "'310 Patent," and collectively with the '552 Patent, the "Danco Patents").

12.    A copy of the '552 Patent is attached hereto as Exhibit 1.  A copy of the '310 Patent is attached hereto as Exhibit 2.

13.    Under the terms of the JDA, Lenart and Danco each own a 50% interest in the Danco Patents and Danco is the exclusive licensee of Lenart's rights. Danco is listed as a record title holder the Danco Patents, which are valid and enforceable in the U.S.

14.    The '552 Patent issued on May 14, 2024, and will expire on September 5, 2038. Independent claim 1 of the '552 Patent claims, in pertinent part, a pry tool with (1) a first section having a longitudinal axis in a first plane and (2) a first claw portion comprising (a) a first plate having first and second lateral edges disposed in a second plane substantially perpendicular to the

first plane and (b) a pry panel that is asymmetrically bowed inwardly toward the first section from the first plate and is connected to the first plate at a first end and connected to the first plate at a second end. FIG. 2 of the '552 Patent is reproduced below as a non-limiting example of a pry tool within the scope of independent claim 1.  Some reference numbers have been removed from FIG. 2 for ease of viewing and annotations are added to indicate certain claimed features.



FIG. 2

15.     The '310 Patent issued on July 29, 2025, and will expire on September 5, 2038. The '310 Patent is a continuation of the '552 Patent.  Independent claim 1 of the '310 Patent claims, in pertinent part, a pry tool with (1) a handle section having a longitudinal axis in a first plane and (2) a claw section extending from the handle section, the claw section comprising (a) first claw portion comprising first and second lateral edges disposed in a second plane substantially perpendicular to the first plane and (b) a pry panel that is asymmetrically bowed and extends inwardly from the first claw portion toward the handle section and is connected to the first claw portion at a first end and connected to the first claw portion at a second end.

16.     Among the hand tools Danco sells is the Pro Bar ZN700101 sold under the brand name Zenith by Danco Self-Prying Pro-Bar ("Zenith Pro Bar").  The Zenith Pro Bar is within the scope of claims of the Danco Patents, including at least independent claim 1 of the '552 Patent

ORIGINAL COMPLAINT--PAGE 4

and at least independent claim 1 of the '310 Patent.  The Zenith Pro Bar is sold through online outlets, such as Amazon, and at big box retailers, including Lowe's and Home Depot.  Hangzhou Great Star's infringing products are intended by Hangzhou Great Star to be competitive with Danco's patented products in the marketplace.

17.     In or around spring of 2024, Danco became aware that Lowe's was selling the HGS Pry Bars, branded under Lowe's store brand Kobalt. After reviewing these products, and comparing them to then soon-to-be issued claims of the '552 Patent, Danco determined that the HGS Pry Bars would be infringing once the '552 Patent issued.  Shortly after the '552 Patent issued, Danco brought its concerns to Lowe's that the Kobalt branded HGS Pry Bars infringed the '552 Patent.

18.     On information and belief, Lowe's forwarded Danco's email to Hangzhou Great Star, as the Kobalt-branded HGS Pry Bars were manufactured and sold to Lowe's by Hangzhou Great Star.

19.     Hangzhou Great Star then sent a letter to Danco on October 14, 2024 regarding Danco's communication with Lowe's.  In the letter, Hangzhou Great Star did not deny that the HGS Pry Bars infringed (or were within the scope of) the claims of the '552 Patent.  Rather, Hangzhou Great Star stated its belief that the '552 Patent is invalid under 35 U.S.C. §§ 112 (as being indefinite), 102 (anticipated by prior art), and 103 (obvious over prior art).

20.     All of the prior art references relied upon by Hangzhou Great Star were references that were initially used to reject the application that resulted in the '552 Patent during prosecution. In response to the U.S.P.T.O. Patent Examiner making rejections based on these prior art references, Danco submitted the Declaration of Robert Jones regarding the initial commercial

success of the Danco Pro Bar and evidence of competitor copying of the inventive features of the claims.  That evidence of copying specifically included the Kobalt Pry Bar.

21.    After considering Danco's evidence in response to those initial rejections, the Patent Examiner withdrew the rejections and allowed the application.  The Patent Examiner also considered the claims under the requirements of 35 U.S.C. §§ 112, 102, and 103 and determined that the claims were allowable, resulting in the issuance of the '552 Patent.  The '552 Patent is presumed valid under 35 U.S.C. § 282.

22.    Between October 2024 and February 2026, Danco and Hangzhou Great Star discussed potential settlement of Danco's infringement claims related to the '552 Patent and the '310 Patent, which issued in 2025 while negotiations were ongoing. As the parties have been unable to reach an agreement, Danco and Lenart now file this Complaint asserting claims of patent infringement.

## V.    CAUSES OF ACTION

### Count I – Infringement of the 552 Patent

23.    Plaintiffs hereby incorporate by reference the allegations of the previous paragraphs of this Complaint.

24.    Attached hereto as Exhibit 3 is an infringement analysis of Hangzhou Great Star's Kobalt Pry Bar with annotated photographs showing how it corresponds to the elements of certain claims of the '552 Patent.

25.    The Kobalt Pry Bar literally includes every element recited in independent claim 1 and dependent claims 2, 7, 9-11, 15-17, 19, 20, 22, 23, 25, 29, 33, 37, 46, and 47 of the '552 Patent and therefore these claims are infringed by Hangzhou Great Star's Kobalt Pry Bar and other HGS Pry Bars having the same structural features.  Hangzhou Great Star has infringed and continues to

infringe these claims of the '552 Patent without license or authorization and in violation of 35 U.S.C. § 271(a) and/or (b) by importing, selling, and offering to sell the HGS Pry Bars in the U.S. and by encouraging the sale, offer to sell, and importation of the HGS Pry Bars in the U.S. through active inducement.

26.     By selling the HGS Pry Bars to Lowe's and other related products having the same or similar structural features through other outlets in the U.S. with the intention Lowe's and other then sell and use those infringing products, Hangzhou Great Star is actively inducing infringement of independent claim 1 and dependent claims 2, 7, 9-11, 15-17, 19, 20, 22, 23, 25, 29, 33, 37, 46, and 47 of the '552 Patent and is liable as an infringer under 35 U.S.C. § 271(b).

27.     As indicated in Exhibit 3, Hangzhou Great Star's Kobalt Pry Bar and other HGS Pry Bars having the same structural features include all of the limitations of independent claim 1 and dependent claims 2, 7, 9-11, 15-17, 19, 20, 22, 23, 25, 29, 33, 37, 46, and 47 of the '552 Patent.

28.     Hangzhou Great Star has had actual notice of the '552 Patent since at least October 14, 2024, when Hangzhou Great Star responded to Danco's communication and notice letter sent to Lowe's.  Hangzhou Great Star's continued infringement with notice of the '552 Patent constitutes willful infringement.

29.     Danco has been damaged and continues to suffer irreparable harm and damages as a result of Hangzhou Great Star's infringement of the '552 Patent, including by way of lost sales of Danco's products covered by the '552 Patent to at least Lowe's and the resulting loss of profits.

## Count II – Infringement of the 310 Patent

30.     Plaintiffs hereby incorporate by reference the allegations of the previous paragraphs of this Complaint.

31.     Attached hereto as Exhibit 4 is an infringement analysis of Hangzhou Great Star's Kobalt Pry Bar with annotated photographs showing how it corresponds to the elements of certain claims of the '310 Patent.

32.     The Kobalt Pry Bar literally includes every element recited in independent claim 1 and dependent claims 2, 3, 8-12, 15-19, 22, and 24-26 of the '310 Patent and therefore these claims are infringed by Hangzhou Great Star's Kobalt Pry Bar and other HGS Pry Bars having the same structural features.  Hangzhou Great Star has infringed and continues to infringe these claims of the '310 Patent without license or authorization and in violation of 35 U.S.C. § 271(a) and/or (b) by importing, selling, and offering to sell the HGS Pry Bars in the U.S. and by encouraging the sale, offer to sell, and importation of the HGS Pry Bars in the U.S. through active inducement.

33.     By selling the HGS Pry Bars to Lowe's and other related products having the same or similar structural features through other outlets in the U.S. with the intention Lowe's and other then sell and use those infringing products, Hangzhou Great Star is actively inducing infringement of independent claim 1 and dependent claims 2, 3, 8-12, 15-19, 22, and 24-26 of the '310 Patent and is liable as an infringer under 35 U.S.C. § 271(b).

34.     As indicated in Exhibit 4, Hangzhou Great Star's Kobalt Pry Bar and other HGS Pry Bars having the same structural features include all of the limitations of independent claim 1 and dependent claims 2, 3, 8-12, 15-19, 22, and 24-26 of the '310 Patent.

35.     Hangzhou Great Star has had actual notice of the '310 Patent since at least its issuance on July 29, 2025 as Hangzhou Great Star had prior notice of the pending application that resulted in the '310 Patent.  Hangzhou Great Star's continued infringement with notice of the '310 Patent constitutes willful infringement.

36.     Danco has been damaged and continues to suffer irreparable harm and damages as a result of Hangzhou Great Star's infringement of the '310 Patent, including by way of lost sales of Danco's products covered by the '310 Patent to at least Lowe's and the resulting loss of profits.

## VI.     PRAYER

WHEREFORE, premises considered, Plaintiffs seek judgment and relief against Defendant Hangzhou Great Star, including that:

(a)     Judgment against Hangzhou Great Star be entered on all claims herein;

(b)     Hangzhou Great Star be adjudged and decreed to have infringed the Danco Patents under 35 U.S.C. § 271(a) and/or (b), and that such infringement is willful;

(c)     Plaintiffs be awarded damages in the form of lost profits and/or in an amount not less than a reasonable royalty pursuant to 35 U.S.C. § 284, and that such amount be trebled by the court based on Hangzhou Great Star's willful infringement;

(d)     Plaintiffs be awarded costs and pre- and post-judgement interest as permitted by law and pursuant to 35 U.S.C. § 284;

(e)     This case be declared to be an "exceptional case" within the meaning of 35 U.S.C. § 285 and Plaintiffs be awarded their reasonable attorneys' fees;

(f)     Entry of a preliminary and permanent injunction against Hangzhou Great Star and its officers, agents, servants and employees, and all entities and individuals acting in concert with them, including distributors, prohibiting the importation, sale, offer for sale, and all other infringing activity related to the Kobalt Pry Bar and any other HGS Pry Bars including the same structural features; and

(g)     Such other and further relief, at law or in equity, to which Plaintiffs may be justly entitled.

## VII.   JURY DEMAND

Plaintiffs hereby demand a trial by jury on all claims and issues so triable.


April 10, 2026                                         Respectfully submitted,



 /Mark D. Nielsen/_____
**Mark D. Nielsen**
Texas Bar No. 24062361
Mark.Nielsen@solidcounsel.com
**Mike J. Schofield**
Texas Bar No. 24075992
Mike.Schofield@solidcounsel.com
Scheef & Stone, LLP
2600 Network Blvd., Suite 400
Frisco, Texas  75034
Phone: (214) 472-2100
Fax:    (214) 472-2150

**ATTORNEYS FOR PLAINTIFFS
DANCO, LLC AND EDWARD LENART**